[Civ. No. 43720. First Dist., Div. Two. May 25, 1978.]

CINDY MARIE SINACORE, a Minor, etc., Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
NORMAN LEVITHALL et al., Real Parties in Interest.

**COUNSEL**

Boccardo, Lull, Niland & Bell, and Richard Alexander for Petitioner.

No appearance for Respondent.

Ralph B. Jordan, County Counsel, D. N. Reid, Assistant County Counsel, Carol D. Brown, Deputy County Counsel, Owen, Melbye & Rohlff and Richard B. Melbye for Real Parties in Interest.

## OPINION

**TAYLOR, P. J.**—Petitioner, minor plaintiff in an action for damages for the wrongful death of her mother, seeks relief by extraordinary writ, by and through her guardian ad litem, after respondent court granted the motion of real parties, defendants in the action, for an order declaring records held by the Kern County Welfare Department (Department) relating to petitioner to be necessary for the proper administration of justice and for an order requiring the Department to produce said records. We have concluded that Welfare and Institutions Code section 5328, under which real parties proceeded, is not applicable, and that the court exceeded its jurisdiction in ordering the Department to produce records which are absolutely privileged by statute (Welf. & Inst. Code, § 10850.) Petitioner is entitled to relief by prerogative writ (*Brown* v. *Superior Court* (1977) 71 Cal.App.3d 141, 142 [139 Cal.Rptr. 327]).

Real parties, in their motion, represented to the court that prior to the death of her mother, petitioner had received public social services from the Department, that the information sought was relevant to the issue of damages (deprivation of society, comfort and protection of the deceased), and that Welfare and Institutions Code section 5328, subdivision (f) permitted the release of the information sought.[1] Petitioner and Department objected to disclosure, asserting the inapplicability of Welfare and Institutions Code section 5328 and calling the court's attention to the confidentiality provisions of Welfare and Institutions Code section 10850.[2]

Welfare and Institutions Code section 5328 provides as follows: "All information and records *obtained in the course of providing services* under Division 5 (commencing with Section 5000), Division 6 (commencing with Section 6000), or Division 7 (commencing with Section 7000), to either voluntary or involuntary recipients of services shall be confidential. Information and records may be disclosed only: . . .

---

[1] The motion sought the following records alleged to be held by the Department: ". . . all reports and diagnoses by physicians, psychiatrists, psychotherapists, social workers, administrators and any and all other employees and agents of said Kern County Welfare Department regarding said plaintiff. . . ."

[2] Evidence Code section 1040, subdivision (b)(1), provides that "A public entity has a privilege to refuse to disclose official information, and to prevent another from disclosing such information, if the privilege is claimed by a person authorized by the public entity to do so and:

"(1) *Disclosure is forbidden by an act of the Congress of the United States or a statute of this state.* . . ." (Italics added.)

"(f) To the courts, as necessary to the administration of justice." (Italics added.)

Welfare and Institutions Code section 5328, was construed in *Tarasoff* v. *Regents of University of California* (1976) 17 Cal.3d 425, 443 [131 Cal.Rptr. 14, 551 P.2d 334]. The Supreme Court noted that divisions 5, 6 and 7 describe a variety of programs for the treatment of the *mentally ill or retarded,* and pointed out the inapplicability of the statute in the absence of facts showing that the services provided fell under any of these programs.[3] Since there was no showing by real parties that petitioner was receiving treatment under any of these programs, disclosure was not governed by Welfare and Institutions Code section 5328.[4]

The applicable provisions of Welfare and Institutions Code section 10850, as amended, provide as follows: "Except as otherwise provided in this section, all applications and records concerning any individual made or kept by any public officer or agency in connection with the administration of any provision of this code relating to any form of public social services for which grants-in-aid are received by this state from the United States government *shall be confidential, and shall not be open to examination for any purpose not directly connected with the administration of such program, or any investigation, prosecution, or criminal or civil proceeding conducted in connection with the administration of any such program. . . .*

"Except as otherwise provided in this section, no person shall publish or disclose or permit or cause to be published or disclosed any list of persons receiving public social services. Any county welfare department in this state may release lists of applicants for, or recipients of, public social services, to any other county welfare department or the Department of Benefit Payments or the State Department of Health, and such lists or any other records shall be released when requested by any county welfare department or the Department of Benefit Payments or the State Department of Health. Such lists or other records shall only be used for purposes directly connected with the administration of public social

[3]The court in *Tarasoff, supra,* pointed out (p. 443, fn. 17) that: "Division 5 includes the Lanterman-Petris-Short Act and the Short-Doyle Act (community mental health services). Division 6 relates to programs for treatment of persons judicially committed as mentally disordered sex offenders or mentally retarded. Division 7 encompasses treatment at state and county mental hospitals, the Langley Porter Neuropsychiatric Institute and the Neuropsychiatric Institute of the U.C.L.A. Medical Center."

[4]In response to the alternative writ issued by this court, the Department affirmatively asserts that it has no LPS records on petitioner.

services. *Except for such purposes, no person shall publish, disclose, or use or permit or cause to be published, disclosed, or used any confidential information pertaining to an applicant or recipient.* However, this section shall not prohibit the furnishing of such information to other public agencies to the extent required for verifying eligibility or for other purposes directly connected with the administration of public social services, or to county superintendents of schools or superintendents of school districts only as necessary for the administration of federally-assisted programs providing assistance in cash or in-kind or services directly to individuals on the basis of need. *Any person knowingly and intentionally violating the provisions of this paragraph is guilty of a misdemeanor.*" (Italics added.)

The proceedings initiated by real parties are obviously not conducted in connection with the *administration* of such programs. As the Department points out, the court's order not only violates the confidentiality afforded to individuals by the statute, but subjects the Department officials who adhere to its commands to criminal prosecution (Welf. & Inst. Code, § 10850) and, in addition, jeopardizes the funding essential to the operation of the programs in which such records are made or kept (42 U.S.C. § 602(a)(9), § 1202(a)(9), § 1352(a)(9)). Such an order may not stand.

Let a writ of mandate issue to compel respondent court to set aside its order compelling the Kern County Welfare Department to produce its records and to enter an order denying real parties' motion.

Kane, J., and Rouse, J., concurred.