167 Cal.App.3d 1099 (1985)
213 Cal. Rptr. 733
In re MARIA V., a Minor.
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner and Respondent,
v.
ELIZABETH V., Objector and Appellant.
Docket No. 31331.
Court of Appeals of California, Fourth District, Division One.
May 7, 1985.
*1101 COUNSEL
Alden J. Fulkerson, under appointment by the Court of Appeal, for Objector and Appellant.
Lloyd M. Harmon, Jr., County Counsel, Howard P. Brody, Chief Deputy County Counsel, and Barbara Baird, Deputy County Counsel, for Petitioner and Respondent.
OPINION
WIENER, J.
Elizabeth V. appeals the judgment freeing her three-year-old daughter Maria (Maria) from her custody and control. (Civ. Code, § 232.)[1] The court found Elizabeth had abandoned Maria and failed to provide an adequate parental relationship. The court rejected Elizabeth's alternative plan to place Maria with her maternal grandmother.
The primary focus of this appeal is directed to the court's decision to limit Elizabeth's lawyer's inspection of documents from two files maintained by the county to those documents which the court determined were relevant to the action. Elizabeth says it is only her lawyer who can determine whether the documents are relevant. She asserts the court's in camera inspection of the files to determine which portions were relevant and, therefore, discoverable by her counsel was prejudicial error. Although we are sensitive to the fundamental interests involved in this type of proceeding, we conclude otherwise and affirm the judgment.

FACTUAL BACKGROUND
The petition for freedom from custody and control (FFCC) was filed when Maria was three-years-old and after she had been living in a foster home for about two and one-half years.
*1102 Under Civil Code section 233[2] the probation department filed an investigative report recommending Maria be declared free from custody and control of her mother. Elizabeth's counsel obtained an order to discover the investigative report and any other documents in the existing court file. Believing three other files maintained by the county may have been relied on by the probation officer in preparing the investigative report and may have contained information to support placing Maria with her maternal grandmother, Elizabeth's attorney asked to examine these files. The files he sought were (1) the juvenile probation file on Elizabeth's brother, Richard; (2) the dependency file on Maria, maintained by the department of social services (DSS), and (3) the adoption file on Maria, also maintained by the DSS.
Normally, San Diego probation officers do not physically review any of the files requested by Elizabeth's counsel. Instead, they receive relevant, photocopied portions of files DSS maintains on the minor who is the subject of the report. Although these documents are included in the court file, a probation officer does not know from which file the photocopied documents originated.
Here DSS claimed no privilege with respect to Maria's dependency file and Elizabeth's counsel inspected the entire file. The county did, however, assert a privilege of confidentiality with respect to the juvenile probation and adoption files, both of which are statutorily protected. The court responded to the county's objection by examining both files in-camera to determine which documents were relevant. After such examination the court ordered all items pertaining to the family and the suitability of the grandmother as an alternative placement released to Elizabeth's counsel.

DISCUSSION

Juvenile Probation File
(1) The probation department asserted the confidentiality established under Welfare and Institutions Code section 827 with respect to the delinquency file on Elizabeth's brother, Richard. Elizabeth contends denying her counsel access to this file denied her due process.
Under Welfare and Institutions Code section 827, neither Elizabeth nor her counsel are persons automatically entitled to review a probation department *1103 delinquency file on someone other than Elizabeth's child. Section 827 provides in part: "[A] petition filed in any juvenile court proceeding, reports of the probation officer, and all other documents filed in any such case or made available to the probation officer in making his report, ... may be inspected only by the court personnel, the minor who is the subject of the proceeding, his parents or guardian, the attorneys for such parties, and other persons ... designated by court order ... upon filing a petition therefor." (Italics added.)
The final phrase of this section gives the court the exclusive authority to determine whether disclosure of juvenile records to persons not specifically named in the statute is in the best interest of the minor. (See T.N.G. v. Superior Court (1971) 4 Cal.3d 767, 778, 781 [94 Cal. Rptr. 813, 484 P.2d 981].) Exercise of that authority will not be disturbed absent clear abuse.[3]
(2) Implicit in this section, as in other civil proceedings, is that a party seeking discovery of documents must show good cause for their production. (See Code Civ. Proc., § 1985.) Elizabeth failed to show any justification for releasing information from Richard's file other than information relating to the suitability of the child's maternal grandmother as an alternative placement. The court's in camera procedure was the way to resolve the conflict between Elizabeth's right to a full evidentiary hearing on her request for alternative placement of Maria and the rights of Richard and others to the confidentiality of proceedings pertaining to Richard's delinquency. A court certainly has the sensitivity and expertise to determine what documents are relevant to the issue presented. Because we are satisfied Elizabeth received all relevant information from Richard's file there was no error in denying Elizabeth's counsel unqualified access to that file.

Adoption File
(3) DSS asserted its adoption file on Maria was confidential and "absolutely privileged," under Evidence Code section 1040 and title 22 of the California Administrative Code, section 30569.[4] (See also Welf. & Inst. Code, § 10850;[5]Sinacore v. Superior Court (1978) 81 Cal. App.3d 223 [146 Cal. Rptr. 302].)
*1104 These regulations and code sections establish a strong public policy in favor of maintaining confidentiality of adoption records to protect all parties involved. In fact, Civil Code section 227, the adoption statute, expressly provides that confidentiality shall be maintained except "in exceptional circumstances and for good cause approaching the necessitous." (See Hubbard v. Superior Court (1961) 189 Cal. App.2d 741, 747-748 [11 Cal. Rptr. 700].) Even though Maria's file contains records only on preadoptive placement, we believe the same principles apply. There may be information in the file potentially detrimental to a party named therein which warrants barring Elizabeth's counsel from unrestricted review of Maria's adoption file.
We again give kudos to the thoughtful trial judge who was sensitive to the tension between confidentiality on the one hand and Elizabeth's right to a full and fair hearing. There can be no doubt but the fundamental interests at stake warranted this approach. Even though adoption files should remain confidential the court correctly concluded the file here was only "conditionally privileged." Because of the serious nature of an FFCC proceeding, every opportunity should be given a parent to prove his or her ability to adequately care for the child and maintain custody. Absent uncontested findings recommending a child be removed from custody of the parents, it is possible that unequivocally denying a parent access to relevant material in an adoption file which may show that the child should not yet be given up for adoption might result in a miscarriage of justice.
Evidence Code section 1040 authorizes the court to disclose information relevant to a proceeding, where the need for disclosure outweighs the public policy concerns advocating nondisclosure. The court properly released those portions of the file relating to the fitness of the mother and grandmother and the appropriateness of the grandmother's home as an alternative placement. Elizabeth was not denied due process.[6]

*1105 DISPOSITION
Judgment affirmed.
Brown (Gerald), P.J., and Work, J., concurred.
NOTES
[1] The department of social services may petition the court to declare a minor free from the custody and control of his parent where the parent has abandoned or neglected the child. By declaring a child free from parental custody the court can then place the child for adoption without the consent of neglectful, unfit parents. (Civ. Code, § 232; Goddard, Cal. Family Law Practice (3d ed. 1981) §§ 1572-1579.) Here the court sustained the petition under Civil Code section 232, subdivision (a)(1) and (a)(7).
[2] Civil Code section 233 requires the court, upon receiving a FFCC petition, to notify a juvenile probation officer or another county social services department designated by the county board of supervisors to investigate the circumstances of the minor and provide the court with a written report of the investigation and a recommendation of the proper disposition to be made in the best interest of the minor.
[3] Although Elizabeth failed to file the required petition requesting access to confidential information, the court did not deny her discovery request on this procedural ground.
[4] Title 22 of the California Administrative Code, section 30569, subdivision (c) provides in pertinent part: "All information in adoption case records shall be confidential."
[5] Welfare and Institutions Code section 10850, subdivision (a) provides in pertinent part that all records on individuals maintained by the department of social services for which grants-in-aid are received by California from the federal government shall be confidential and shall not be open to examination for any purpose not directly connected with the administration of a particular public social services program. Subdivision (d) further provides "The rules and regulations shall be binding on all departments, officials and employees of the state. ..." (Italics added.)
[6] Even if we were to conclude the court erred in denying Elizabeth's discovery request we are satisfied the error is harmless. A judgment may not be reversed unless it is reasonably probable a different result would have been reached if the discovery request had been granted. (In re Ricky B. (1978) 82 Cal. App.3d 106, 114 [146 Cal. Rptr. 828]; People v. Hiser (1956) 47 Cal.2d 566, 588 [305 P.2d 1]; 5 Cal.Jur.3d, §§ 549-552.)

In its memorandum of decision, the court explained: "The mother has conceded her own inability to care for her child, but offers her mother's home as a less drastic alternative to complete severence of parental rights. The court had an opportunity to see and hear the grandmother and has considered all the evidence concerning the suitability of the grandmother to raise the child. Since the grandmother has failed so miserably with her own children and appears in court as evasive and dishonest, I find that it would not be at all beneficial to place this child in her custody. It would be detrimental to place the minor in the custody of her mother or grandmother, and it is in the child's best interest to be freed so that she may be adopted." There is no evidence in the record to suggest a different result would have been reached.