[No. A038214. First Dist., Div. Four. June 13, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
PATRICK GEORGE FALCONER, Defendant and Appellant.

COUNSEL

Victor Blumenkrantz, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, David D. Salmon and Peter Crook, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**CHANNELL, J.**—A jury convicted appellant Patrick George Falconer of robbery enhanced by use of a firearm and of discharging a firearm into an inhabited dwelling. (Pen. Code, §§ 211, 246, 12022.5.)[1] He was sentenced to eight years in prison. On appeal, we find that the accomplice testimony linking Falconer to the crime was not sufficiently corroborated to support

---

[1] All statutory references are to the Penal Code.

his conviction. Because the trial court erroneously denied his motion for judgment of acquittal, Falconer is entitled to a judgment of acquittal.

## I. Facts

On September 30, 1984, four or five intruders attempted to steal marijuana plants from the Redwood Valley property of Frank Buschbaker. The intruders were armed and shots landed inside the Buschbaker residence. Their faces were covered with stockings, masks, and bandanas; Buschbaker could not identify any of them. One of the intruders, Patrick Falconer, Jr., was wounded and later arrested at a Ukiah hospital. Another of them, Matthew Mitchell, told police about the incident. He explained that the wounded man's father, appellant Patrick George Falconer, had planned the raid. He also thought that the senior Falconer was one of the men who participated in it. Mitchell was arrested and ultimately convicted of a felony arising from this incident.

Falconer, Sr., was charged with robbery enhanced by personal use of a firearm, and with discharging a firearm at an inhabited dwelling. (§§ 211, 246, 12022.5.) Testifying for the prosecution, Mitchell stated that Falconer, Sr., had planned the raid, had purchased nylon stockings ahead of time, went with the others to view the site early in the morning, and went back later in the morning with the other four men. He testified that when they split up, Falconer, Sr., had a stocking mask and a Halloween mask, although Mitchell did not see him put either on. Mitchell thought Falconer, Sr., was at the Buschbaker house hiding in the bushes, but he could not see him. He testified that someone wearing a Halloween mask came around the corner of the house, almost ran into Buschbaker, and exchanged shots with the owner of the house. Mitchell was not certain who was the man in the Halloween mask, but he assumed it was Falconer, Sr. He couldn't be certain of this, because he never saw the elder Falconer put on or remove the mask. Other witnesses testified that Falconer, Sr., had purchased marijuana from Buschbaker eight or nine months earlier.

At the end of the prosecution's case, Falconer moved for a judgment of acquittal, contending that Mitchell's accomplice testimony had not been sufficiently corroborated. (See §§ 1111, 1118.1.) The motion was denied. The jury convicted Falconer of both counts and found the enhancement allegation to be true. He was sentenced to eight years in prison.

## II. Accomplice Testimony

The sole issue on appeal is whether Mitchell's accomplice testimony was sufficiently corroborated to support his conviction.[2] ■ An accomplice's testimony must be corroborated by independent evidence which, without aid or assistance from the accomplice's testimony, tends to connect *the defendant* with the crime charged. (*People* v. *Szeto* (1981) 29 Cal.3d 20, 27 [171 Cal.Rptr. 652, 623 P.2d 213]; *People* v. *Perry* (1972) 7 Cal.3d 756, 769 [103 Cal.Rptr. 161, 499 P.2d 129]; see § 1111.) To determine if sufficient corroboration exists, we must eliminate the accomplice's testimony from the case, and examine the evidence of other witnesses to determine if there is any inculpatory evidence tending to connect the defendant with the offense. (*People* v. *Shaw* (1941) 17 Cal.2d 778, 803-804 [112 P.2d 241]; *People* v. *Reingold* (1948) 87 Cal.App.2d 382, 392-393 [197 P.2d 175].) "[C]orroboration is not sufficient if it requires interpretation and direction to be furnished by the accomplice's testimony to give it value . . . ." (*Id.,* at p. 393.) It must do more than raise a conjecture or suspicion of guilt, however grave. (*People* v. *Szeto, supra,* 29 Cal.3d at p. 27; *People* v. *Perry, supra,* 7 Cal.3d at p. 769; *People* v. *Shaw, supra,* 17 Cal.2d at p. 804; *People* v. *Reingold, supra,* 87 Cal.App.2d at p. 393.) ■ On the other hand, unless a reviewing court determines that the corroborating evidence should not have been admitted or that it could not reasonably tend to connect a defendant with the commission of a crime, the finding of the trier of fact on the issue of corroboration may not be disturbed on appeal. (*People* v. *Szeto, supra,* 29 Cal.3d at p. 27; *People* v. *Perry, supra,* 7 Cal.3d at p. 774.)

■ Excluding Mitchell's testimony, we are left with these pertinent facts established by the evidence: that Falconer is the father of one of the intruders; that he visited the Buschbaker residence eight or nine months before the incident and knew that Buschbaker was a marijuana grower. This evidence is not sufficient to corroborate Mitchell's testimony. Although corroborating evidence need only be slight and may be entitled to little consideration when standing alone (*People* v. *Szeto, supra,* 29 Cal.3d at p. 27; *People* v. *Perry, supra,* 7 Cal.3d at p. 769; *People* v. *Shaw, supra,* 17 Cal.2d at pp. 803-804), it is not sufficient to merely connect a defendant with the accomplice or other persons participating in the crime. The evidence must connect the defendant with the crime, not simply with its perpetrators. (*People* v. *Robinson* (1964) 61 Cal.2d 373, 400 [38 Cal.Rptr. 890, 392 P.2d 970]; *In re Ricky B.* (1978) 82 Cal.App.3d 106, 111 [146 Cal.Rptr. 828].) Likewise, it is insufficient to show mere suspicious circumstances. (See *People* v. *Robbins* (1915) 171 Cal. 466, 476 [154 P. 317].) The

---

[2] An accomplice is one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given. (§ 1111.) The parties do not dispute that Mitchell is an accomplice as a matter of law.

other evidence cited does not tend to connect Falconer, Sr., with the September 1984 incident; therefore, there was *no* evidence tending to connect Falconer to the crime and Mitchell's accomplice testimony was uncorroborated as a matter of law. (*People* v. *Shaw, supra,* 17 Cal.2d at p. 805.)

■ As to the correct disposition of his appeal, Falconer contends that he is entitled to an acquittal rather than a reversal of his conviction. At the close of the prosecution's case-in-chief, the trial court denied his motion for judgment of acquittal. (See §§ 1111, 1118.1.) By failing to produce any corroboration during its case-in-chief, the prosecution failed to establish a prima facie case. Therefore, the defendant's motion to acquit was improperly denied. A reversal is required but is not an adequate remedy, as a retrial would result. (*People* v. *Belton* (1979) 23 Cal.3d 516, 526-527 [153 Cal.Rptr. 195, 591 P.2d 485]; see *People* v. *Boyce* (1980) 110 Cal.App.3d 726, 737, 739 [168 Cal.Rptr. 219]; see also § 1262.) In this situation, a retrial would violate the prohibition against double jeopardy. (*People* v. *Belton, supra,* 23 Cal.3d 527, fn. 13.) When Falconer made his motion, he was entitled to a judgment of acquittal.

The judgment is reversed and the trial court is directed to enter a judgment of acquittal.

Anderson, P. J., and Poché, J., concurred.