Filed 7/11/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038109 |
| Plaintiff and Respondent, | (Santa Cruz County Super. Ct. No. M58118) |
| v. | |
| DONAVON HICKS BARCLAY III, | |
| Defendant and Appellant. | |

Defendant Donavon Hicks Barclay III was convicted of violating Vehicle Code section 23152, subdivision (a)[1] (driving under the influence of alcohol) and section 23152, subdivision (b) (driving with a blood alcohol content of 0.08 percent or higher). Due to defendant's prior juvenile adjudication for felony vehicular manslaughter, the trial court elevated the convictions to felonies pursuant to section 23550.5, subdivision (a)(3). On appeal, defendant contends that section 23550.5, subdivision (a)(3) requires an adult conviction for felony vehicular manslaughter—not a juvenile adjudication for felony vehicular manslaughter—in order to elevate a section 23152 conviction to a felony. As set forth below, we conclude that the plain language of section 23550.5, subdivision (a)(3) authorized the elevation of defendant's section 23152 convictions to felonies. We therefore will affirm.

---

[1] Subsequent unspecified statutory references are to the Vehicle Code.

**FACTUAL AND PROCEDURAL HISTORY**

On November 18, 2010, defendant drove his car off State Route 35 and crashed the car into a tree.  Defendant sustained serious injuries during the crash, and he was transported to the hospital.  Defendant gave a blood sample at the hospital, and the alcohol content of the blood was 0.15 percent.

An information charged defendant with one count of driving under the influence of alcohol (§ 23152, subd. (a)) and one count of driving with a blood alcohol content of 0.08 percent or higher (§ 23152, subd. (b)).  The information alleged, pursuant to section 23550.5, subdivision (a)(3), that defendant's prior juvenile adjudication for vehicular manslaughter (Pen. Code, § 192, subd. (c)(1)) elevated the charged offenses to felonies.  The information further alleged that defendant had a blood alcohol content of 0.15 percent or higher (§ 23578).

Defendant waived his right to a jury trial, and he elected a court trial on the issue of whether the prior juvenile adjudication for vehicular manslaughter could elevate the charged offenses to felonies.  At the court trial, the court took judicial notice of several documents in defendant's juvenile court file.  One of the documents, a juvenile wardship petition, alleged that on November 3, 2007 17-year-old defendant committed felony vehicular manslaughter in violation of Penal Code section 192, subdivision (c)(1) and misdemeanor driving under the influence of a drug in violation of section 23152, subdivision (a).  Another document, the minute order for the initial appearance on the wardship petition, specified that defendant admitted a felony violation of Penal Code section 192, subdivision (c)(1) and a misdemeanor violation of section 23152, subdivision (a).  A final document, the minute order for the juvenile disposition hearing, stated the following:  the juvenile court declared defendant a ward of the court, the juvenile court placed defendant on probation with conditions including 180 days on an

electronic monitoring program and 200 hours of community service, and the maximum period of confinement for defendant's offenses was six years and two months.

At the conclusion of the court trial, the court ruled that defendant's juvenile adjudication for vehicular manslaughter elevated the charged crimes to felonies under section 23550.5, subdivision (a)(3). The court accordingly found true the allegation pursuant to section 23550.5, subdivision (a)(3).

After the court trial, defendant pleaded no contest to driving under the influence of alcohol and driving with a blood alcohol content of 0.08 percent or higher. Defendant admitted that he had a blood alcohol content of 0.15 percent or higher.

The court suspended imposition of sentence and placed defendant on probation for a period of 60 months. As a condition of probation, the court ordered defendant to serve 365 days in county jail. The court ordered defendant to serve a portion of the jail term in a residential sobriety program.

After he was sentenced, defendant filed a timely notice of appeal. This appeal followed.

## DISCUSSION

Defendant argues the judgment must be reversed because "a juvenile adjudication for vehicular manslaughter cannot properly be used to elevate a . . . driving under the influence violation to a felony." Defendant asserts that the language of section 23550.5, subdivision (a)(3) requires an adult conviction for felony vehicular manslaughter, not a juvenile adjudication for felony vehicular manslaughter, in order to elevate a section 23152 conviction to a felony. The People argue the use of term "prior violation" in section 23550.5, subdivision (a)(3), combined with the absence of the term "prior conviction" in that subdivision, evidences a legislative intent to elevate a section 23152 conviction to a felony where the defendant has had a prior juvenile adjudication for felony vehicular manslaughter.

3

At issue in this appeal is the meaning of the following phrase employed in section 23550.5, subdivision (a)(3): "prior violation of paragraph (1) of subdivision (c) of Section 192 of the Penal Code that was punished as a felony." As explained below, we conclude that the plain language of section 23550.5, subdivision (a)(3) authorized the elevation of defendant's section 23152 convictions to felonies, and we accordingly affirm the judgment of conviction.

***Standard of Review and the Rules of Statutory Interpretation***

Defendant's appeal presents an issue of statutory interpretation. "Issues of statutory interpretation are questions of law subject to de novo review." (*People v. Simmons* (2012) 210 Cal.App.4th 778, 790.)

We have written that when faced with a question of statutory meaning, "we first examine the words of the statute in context, giving them if possible their plain, everyday, commonsense meaning. If we find no ambiguity or uncertainty, we presume that the Legislature meant what it said, rendering further inquiry into legislative intent unnecessary. [Citation.] If, on the other hand, the statutory language is unclear or ambiguous, i.e., it permits more than one reasonable interpretation, we may consider various extrinsic aids to help us ascertain the Legislature's intent, including legislative history, public policy, settled rules of statutory construction, and an examination of the evils to be remedied and the legislative scheme encompassing the statute in question. [Citations.] In such circumstances, we select the interpretation that comports most closely with the apparent intent of the Legislature, with a view toward promoting, rather than defeating, the general purpose of the statute and avoiding an interpretation that would lead to absurd consequences. [Citation.]" (*Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 749.)

4

***The Plain Language of Section 23550.5, Subdivision (a)(3) Authorized Elevation of Defendant's Section 23152 Convictions to Felonies***

Defendant was convicted of a felony violation of section 23152, subdivision (a) and a felony violation of section 23152, subdivision (b). Section 23152, subdivision (a) states: "It is unlawful for any person who is under the influence of any alcoholic beverage or drug, or under the combined influence of any alcoholic beverage and drug, to drive a vehicle." Section 23152, subdivision (b) states: "It is unlawful for any person who has 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle."

Normally, a section 23152 conviction is a misdemeanor. (*People v. Baez* (2008) 167 Cal.App.4th 197, 199.) However, a section 23152 conviction may be elevated to a felony where, within the 10 years preceding the section 23152 violation, the defendant has committed an offense enumerated in section 23550.5, subdivision (a). (*Id.* at pp. 199-200.) Section 23550.5, subdivision (a)(3) specifies that a section 23152 conviction may be elevated to a felony if the defendant has a "*prior violation of paragraph (1) of subdivision (c) of Section 192 of the Penal Code that was punished as a felony*." (Italics added.)

In order to understand the meaning of section 23550.5, subdivision (a)(3), we must look to Penal Code section 192, subdivision (c)(1). Penal Code section 192, subdivision (c)(1) criminalizes homicide committed while "driving a vehicle in the commission of an unlawful act, not amounting to felony, and with gross negligence . . . or driving a vehicle in the commission of a lawful act which might produce death, in an unlawful manner, and with gross negligence." "A violation of paragraph (1) of subdivision (c) of Section 192 [of the Penal Code] is punishable either by imprisonment in the county jail for not more than one year or by imprisonment in the state prison for two, four, or six years." (Pen. Code, § 193, subd. (c)(1).) Thus, a violation of Penal

Code section 192, subdivision (c)(1) "is a 'wobbler,' which may be punished as either a felony or a misdemeanor." (*People v. Traylor* (2009) 46 Cal.4th 1205, 1210, fn. 2.)

Also important to our understanding of section 23550.5, subdivision (a)(3) is Welfare and Institutions Code section 702. That section states, in relevant part: "If the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." (Welf. & Inst. Code, § 702.) Such a declaration "determines the maximum period of physical confinement" to which the minor is subject. (*In re Kenneth H.* (1983) 33 Cal.3d 616, 619, fn. 3.)

Two other Welfare and Institutions Code sections are also pertinent to our understanding of section 23550.5, subdivision (a)(3). Welfare and Institutions Code section 602, subdivision (a) specifies that the juvenile court may adjudge a minor to be a ward of the court if the minor "violates" any criminal law. Welfare and Institutions Code section 203 states that such a juvenile adjudication "shall not be deemed a conviction of a crime." In light of Welfare and Institutions Code section 203's mandate that juvenile adjudications are not convictions, appellate courts have consistently held that the statutory term "conviction" does not encompass a juvenile adjudication. (See *People v. Burton* (1989) 48 Cal.3d 843, 861 [the term " 'prior felony conviction,' " as used in Penal Code section 190.3, factor (c), does not refer to juvenile adjudications]; *In re Anthony R.* (1984) 154 Cal.App.3d 772, 776 [the term "convicted," as used in Penal Code section 666, does not include juvenile adjudications]; *In re Ricky B.* (1978) 82 Cal.App.3d 106, 114, fn. 2 [juvenile adjudications cannot be considered "convictions" for purposes of Evidence Code section 788].)

Viewed in context, the plain language of section 23550.5, subdivision (a)(3) is unambiguous. The use of the word "violation" in section 23550.5, subdivision (a)(3), as opposed to the word "conviction," demonstrates a legislative intent for juvenile

6

adjudications to fall within the ambit of section 23550.5, subdivision (a)(3). Welfare and Institutions Code section 602 specifies that a minor's criminal activity is deemed a violation of the law. Welfare and Institutions Code section 203 and the case law interpreting that section make clear that a juvenile adjudication is not a conviction. "The enacting body is deemed to be aware of existing laws and judicial constructions in effect at the time legislation is enacted." (*People v. Weidert* (1985) 39 Cal.3d 836, 844.) Because Welfare and Institutions Code sections 602 and 203 predate the enactment of section 23550.5, we must presume that the Legislature was aware of the distinction between the terms "violation" and "conviction" when drafting section 23550.5. Thus, in using the word "violation" in section 23550.5, subdivision (a)(3), the Legislature authorized the use of a juvenile adjudication for felony vehicular manslaughter to elevate a section 23152 conviction to a felony. (See generally *People v. Lucky* (1988) 45 Cal.3d 259, 294-295 [the phrase "criminal activity," as used in Penal Code section 190.3, factor (b), includes juvenile adjudications].)

The inclusion of the phrase "punished as a felony" in section 23550.5, subdivision (a)(3) does not alter our conclusion. In light of the classification of Penal Code section 192, subdivision (c)(1) as a wobbler offense, the phrase "punished as felony" clarifies that only a felony violation of Penal Code section 192, subdivision (c)(1) will elevate a section 23152 conviction to a felony. (See *People v. Camarillo* (2000) 84 Cal.App.4th 1386, 1391-1393 [the phrase "punished as a felony" focuses on "the nature of the prior offense as a felony," not the "character of the punishment" for the prior offense].) Because Welfare and Institutions Code section 702 specifically requires the juvenile court to declare a minor's wobbler offense to be a misdemeanor or a felony, a minor's violation of Penal Code section 192, subdivision (c)(1) may properly be deemed a felony violation. Given the presumption that the Legislature was aware of Welfare and Institutions Code section 702 when it enacted section 23550.5, we must conclude that the

7

Legislature contemplated the elevation of a section 23152 conviction to a felony based on a juvenile adjudication for felony vehicular manslaughter. (See *People v. Weidert, supra*, 39 Cal.3d at p. 844 [the Legislature is deemed to be aware of laws in effect at the time legislation is enacted].)

In sum, the plain language of section 23550.5, subdivision (a)(3) authorizes elevation of a section 23152 conviction to a felony if, within the 10 years preceding the section 23152 violation, the defendant has had a juvenile adjudication for felony violation of Penal Code section 192, subdivision (c)(1). In the instant case, there was evidence of such a juvenile adjudication. The juvenile court records established that defendant admitted a felony violation of Penal Code section 192, subdivision (c)(1), the juvenile court declared defendant a ward of the court based on his felony violation of Penal Code section 192, subdivision (c)(1), and defendant's felony violation of Penal Code section 192, subdivision (c)(1) occurred three years before the section 23152 violations charged in the present case. The plain language of section 23550.5, subdivision (a)(3) therefore authorized the elevation of defendant's section 23152 convictions to felonies.

Defendant contends that the Legislature generally intends that "juvenile adjudications are not to be used as prior criminal offenses in adult court," and that section 23550.5, subdivision (a)(3) must therefore be interpreted to authorize elevation of a section 23152 conviction to a felony only where there is a prior adult conviction for vehicular manslaughter. Defendant's argument ignores the plain language of section 23550.5. As noted, section 23550.5, subdivision (a)(3) permits elevation of a section 23152 conviction to a felony where the defendant has a "prior violation" of Penal Code section 192, subdivision (c)(1). In contrast, section 23550.5, subdivision (b) permits elevation of a section 23152 conviction to a felony where the defendant has "previously been *convicted* of a violation" of Penal Code section 191.5 or Penal Code section 192.5. (Italics added.) "It is a well recognized principle of statutory construction

8

that when the Legislature has carefully employed a term in one place and has excluded it in another, it should not be implied where excluded." (*People v. Bland* (2002) 28 Cal.4th 313, 337, internal quotation marks omitted.) Thus, because the Legislature included the term "convicted" in section 23550.5, subdivision (b) and excluded the term "convicted" in section 23550.5, subdivision (a)(3), we cannot conclude that section 23550.5, subdivision (a)(3) requires a prior adult conviction for vehicular manslaughter.

Defendant's argument that section 23550.5, subdivision (a)(3) requires an adult conviction for vehicular manslaughter is also contradicted by the policy underlying section 23550.5. Section 23550.5 reflects a "strong public policy against repeat offenders." (*People v. Camarillo, supra,* 84 Cal.App.4th at p. 1394.) The plain language of section 23550.5, subdivision (a)(3)—which permits use of both adult and juvenile conduct to elevate a section 23152 conviction to a felony—comports with the strong policy against repeat offenders. "If the statutory language is clear and unambiguous, the provision should be applied according to its terms without further judicial construction so long as the literal meaning is in accord with the purpose of the statute." (*People v. Snook* (1997) 16 Cal.4th 1210, 1216-1217.) Here, the plain language of section 23550.5, subdivision (a)(3) unambiguously permits use of a juvenile adjudication for felony vehicular manslaughter to elevate a section 23152 conviction to a felony, and this plain language is in accord with the purpose of section 23550.5. Accordingly, we must apply section 23550.5, subdivision (a)(3) according to its plain terms, and we cannot accept defendant's argument that section 23550.5, subdivision (a)(3) requires an adult conviction for vehicular manslaughter in order to elevate a section 23152 conviction to a felony.

Defendant additionally argues that a juvenile adjudication cannot properly be classified as a felony, and that a juvenile adjudication for felony vehicular manslaughter therefore cannot constitute the felony vehicular manslaughter violation required by

9

section 23550.5, subdivision (a)(3). In support of this argument, defendant cites *In re Michael S.* (1983) 141 Cal.App.3d 814 (*Michael S.*).

*Michael S.* held that the juvenile court properly classified a minor's offense as a felony, as required by Welfare and Institutions Code section 702. (*Michael S., supra,* 141 Cal.App.3d at pp. 818-819.) In dicta, however, *Michael S.* criticized Welfare and Institutions Code section 702's felony-classification requirement and encouraged the Legislature to redraft Welfare and Institutions Code section 702: "[I]t must be stressed that despite the unfortunate language utilized in [Welfare and Institutions Code] section 702, . . . a court can never actually convert a juvenile proceeding into a criminal one, nor transform the conduct that led to a minor's wardship into either a 'felony' or a 'misdemeanor.' . . . [¶] . . . [¶] We, therefore, respectfully suggest to the Legislature that . . . it give serious thought to eliminating the tautological litany presently mandated by Welfare and Institutions Code section 702." (*Id.* at pp. 817-818.)

Defendant's reliance on *Michael S.* is unavailing. Despite its criticism of Welfare and Institutions Code section 702, *Michael S.* confirmed that Welfare and Institutions Code section 702 requires the juvenile court to classify appropriate offenses as felonies. Moreover, although *Michael S.* strongly encouraged the Legislature to redraft Welfare and Institutions Code section 702 and omit the felony-classification requirement, the Legislature never redrafted Welfare and Institutions Code section 702 in the fashion urged by *Michael S.* Thus, contrary to defendant's assertion, *Michael S.* does not compel us to conclude that a juvenile adjudication for felony vehicular manslaughter is not a felony vehicular manslaughter violation within the meaning of section 23550.5, subdivision (a)(3).

In summary, the plain language of section 23550.5, subdivision (a)(3) authorizes elevation of a section 23152 conviction to a felony if, within the 10 years preceding the section 23152 violation, the defendant has had a juvenile adjudication for felony violation

10

of Penal Code section 192, subdivision (c)(1). Because the evidence established that defendant had such a juvenile adjudication, we conclude that the trial court properly elevated defendant's section 23152 convictions to felonies.

**DISPOSITION**

The judgment is affirmed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.

11

| | |
|---|---|
| Trial Court: | Santa Cruz County<br>Superior Court No.:  M58118 |
| | |
| Trial Judge: | The Honorable Ariadne J. Symons |
| | |
| Attorney for Defendant and Appellant<br>Donavon Hicks Barclay III: | Dena Meierhenry<br>under appointment by the Court<br>of Appeal for Appellant |
| | |
| Attorneys for Plaintiff and Respondent<br>The People: | Kamala D. Harris<br>Attorney General |
| | Dane R. Gillette,<br>Chief Assistant Attorney General |
| | Gerald A. Engler,<br>Senior Assistant Attorney General |
| | Catherine A. Rivlin,<br>Supervising Deputy Attorney General |
| | Bruce M. Slavin,<br>Deputy Attorney General |

*People v. Barclay*
**H038109**